# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BRINK'S, INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  23-16727 |
| | ) | |
| v. | ) | |
| | ) | Judge |
| KINGSBRIDGE HOLDINGS LLC | ) | |
| | ) | Magistrate Judge |
| Defendant. | ) | |

## COMPLAINT

Plaintiff BRINK'S, INCORPORATED ("BRINK'S" or "Plaintiff") files this Complaint against Defendant KINGSBRIDGE HOLDINGS LLC ("KBH" or "Defendant"), and in support thereof alleges as follows:

## NATURE OF THE ACTION

1. BRINK'S entered into the operative Master Lease Agreement ("Master Lease") with AAM Capital Incorporated ("AAM") on November 1, 2016, which AAM later assigned to KBH. (*See* Master Lease, attached as **Exhibit A**.)

2. Under the terms of the Master Lease and renewals thereof, BRINK'S leases equipment (typically safes) from KBH for use by BRINK'S customers.

3. All items of equipment subject to a given lease term are set forth on a schedule.

4. At times, BRINK'S will learn that a customer no longer needs a piece of equipment and that that piece of equipment will not be part of any renewed lease term with KBH.

5. When this occurs, BRINK'S provides KBH with notice of its intent to return such items of equipment at the end of the respective lease term for such items of equipment.

1

6. KBH, however, has refused to accept the return of such items of equipment, and has instead taken the position that BRINK'S may only return items of equipment if BRINK'S returns *all* items of equipment on a given schedule.

7. BRINK'S position is that it has a contractual right to make partial returns of equipment to KBH and that it need not return all items of equipment on the schedule for that lease term.

8. BRINK'S and KBH require a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, so that they may understand their contractual rights and prevent the future accrual of damages, which is especially important because their contractual relationship is ongoing.

9. Further, KBH has breached the Master Lease by refusing to accept items of equipment for return, and BRINK'S has sustained damages in excess of $475,000.00 to store and inspect such items of equipment.

## PARTIES

10. Plaintiff BRINK'S is a Delaware corporation that is authorized to do business in the State of Illinois. BRINK'S principal place of business is in Richmond, Virginia.

11. Defendant KBH is a Nevada limited liability company that is authorized to do business in the State of Illinois. Upon information and belief, KBH's members consist of SLR Investment Corp. and individuals that are citizens of the State of Illinois. SLR Investment Corp. is a Maryland corporation with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446.

13. There is no dispute that the amount in controversy exceeds the jurisdictional threshold.

14. Diversity of citizenship exists between Plaintiff and Defendant because BRINK'S is a citizen of Delaware and Virginia, and KBH is a citizen of Illinois, Maryland, and New York.

15. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) because, among other things, the transactions, agreements, conduct, and disputes giving rise to the claims asserted herein occurred, in part, in Cook County, Illinois.

16. Venue is also proper in the Northern District of Illinois because parties have consented to the Northern District of Illinois pursuant to section 20(h) of the Master Lease, which states that "[t]he parties agree that any action or proceeding arising out of or relating to each Lease may be commenced in any state or Federal court in Cook County, Illinois . . . ." (Master Lease, **Ex. A**, at p. 10.)

## GENERAL ALLEGATIONS

*Master Lease Agreement and Renewal Term Protocols*

17. On November 1, 2016, BRINK'S and non-party AAM entered into the operative Master Lease. (*See* Master Lease, **Ex. A**, at pp. 1, 10.)

18. AAM later assigned the Master Lease, and all agreements entered into between AAM and BRINK'S pursuant to the Master Lease, to KBH.

19. To renew the base term of the Master Lease, BRINK'S and AAM entered into numerous "Renewal Term Protocols," which were incorporated into the Master Lease via Supplemental Lease Schedules. (*See* Example Renewal Term Protocol, attached as **Exhibit B**.)

3

*Terms of the Master Lease and Renewal Term Protocol*

20. Section 11(a) of the Master Lease explains how BRINK'S is to provide notice of its intent to return equipment:

> 11. **REDELIVERY.** (a) Return Election. Not less than (30) days and not more than two hundred seventy (270) days prior to the expiration of the Lease Term with respect to Equipment, Lessee shall provide written notice to Lessor of Lessee's intent to return such Equipment to Lessor upon the expiration of such Lease Term.

(Master Lease, **Ex. A**, at p. 5.)

21. "'Lease Term' means the term of lease with respect to each item of Equipment pursuant to the to the provisions of the related Lease Schedule, which shall commence, in each case, on the Acceptance Date specified in the related Lease Schedule and continue for the period described in that Lease Schedule." (Master Lease, **Ex. A**, at p. 12.)

22. "'Equipment' means the equipment and other property described in each Lease Schedule. (Master Lease, **Ex. A**, at p. 12.)

23. And, under the numerous Renewal Term Protocols, "**'Returned Equipment'** means items of Equipment to be re-delivered to Lessor after either a Base Term or Renewal Term." (*See* Example Renewal Term Protocol, **Ex. B**, at p. 2.)

24. Nothing within the definitions of "Lease Term," "Equipment," and/or "Returned Equipment" states that BRINK'S may only exercise the "Return Election" under section 11(a) of the Master Lease if it returns all items of equipment on a lease schedule.

25. To the contrary, these terms use the phrase "items of equipment" to make clear that BRINK'S need not return all equipment subject to a given lease term to return any item of equipment subject to that lease term.

4

*The Parties Course of Dealing*

26. Consistent with the definition of "Returned Equipment," BRINK'S has notified KBH numerous times that it is ready to deliver return items of equipment to KBH, including on January 22, 2022 and September 28, 2022.

27. KBH, however, has refused to accept such items of equipment for return because BRINK'S was not returning all items of equipment listed on the same schedule or schedules as the items of equipment that BRINK'S was attempting to return.

*Damages Incurred by Brink's*

28. Based on KBH's misinterpretation of the contract language, BRINK'S has had to incur, unnecessarily, storage costs of approximately $312,723.64 as well as related inspection costs as of April 2023, and such costs have continued to accrue since April 2023.

29. These costs that BRINK'S has incurred, unnecessarily, will only rise through KBH's continued misinterpretation of the Master Lease, and a declaratory judgment will prevent further accrual of such costs.

30. To the extent that BRINK'S is misinterpreting the contract, a declaratory judgment will allow BRINK'S to mitigate the costs that it is incurring and any damages that KBH might claim based on such misinterpretation.

## COUNT I
**(Declaratory Judgment)**

31. BRINK'S incorporates Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. An actual, justiciable controversy exists between the parties with respect to the parties' interpretation of the relevant contract language. BRINK'S contends that it may return

items of equipment at the end of the lease term for such equipment, and KBH contends that it may not.

33. The material facts of the relevant dispute are static, and the rights of BRINK'S and KBH are presently defined.

34. By declaring the rights of the parties, the Court will resolve and terminate the controversy going forward.

35. BRINK'S respectfully requests that this Court issue a declaratory judgment holding that, pursuant to the terms of the Master Lease and all agreements entered into pursuant to the Master Lease, BRINK'S may make partial returns of equipment without the need to return all items of equipment subject to that lease term.

WHEREFORE, BRINK'S respectfully requests that this Court enter a declaratory judgment declaring that, pursuant to the terms of the Master Lease and all agreements entered into pursuant to the Master Lease, BRINK'S may make partial returns of equipment without the need to return all items of equipment subject to that lease term.

## COUNT II
**(Breach of Contract)**

36. BRINK'S incorporates Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

37. BRINK'S and KBH (as assignee) are parties to the Master Lease and all agreements entered into pursuant to the Master Lease.

38. The Master Lease and all agreements entered into pursuant to the Master Lease are valid and binding contracts.

39. The rights and obligations set forth in the Master Lease and all agreements entered into pursuant to the Master Lease are binding and enforceable on the parties.

40. BRINK'S has complied with its obligations set forth in the Master Lease and all agreements entered into pursuant to the Master Lease.

41. BRINK'S right to return certain items of equipment pursuant to section 11(a) of the Master Lease is a binding and enforceable right for BRINK'S under the Master Lease and, in turn, creates a binding and enforceable obligation for KBH to accept the return of such items of equipment.

42. As detailed herein, KBH has breached its obligations under section 11(a) of the Master Lease through its failure to accept certain items of equipment for return.

43. KBH's conduct as described herein constitutes a breach of KBH's express obligations under the Master Lease and all agreements entered into pursuant to the Master Lease.

44. KBH's conduct and breach of the Master Lease has caused, and will continue to cause, BRINK'S to suffer damages in an amount to be determined at trial.

WHEREFORE, BRINK'S respectfully requests that this Court enter a judgment in its favor and against KBH that awards BRINK'S: (1) compensatory and consequential damages in an amount to be determined by the Court; (2) its costs and fees in connection with this litigation; and (3) such other and further relief as this Court deems just and equitable.

Dated: December 13, 2023

Respectfully submitted,

BRINK'S, INCORPORATED

By: /s/ Patrick P. Clyder
Patrick P. Clyder #6292573
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601

(312) 849-8100
pclyder@mcguirewoods.com

Robert F. Redmond*
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
(804) 775-1123
rredmond@mcguirewoods.com

*to be admitted *pro hac vice*
*Attorneys for Plaintiff Brink's, Incorporated*